UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KATHERINE BRISSON<br>c/o Tittle & Perlmuter<br>4106 Bridge Ave.<br>Cleveland, Ohio 44113<br><br>On behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>SHEPHERD HEALTH AND LIVING, LLC<br>c/o United States Corporation Agents, Inc.<br>1991 Crocker Road #600-755<br>Westlake, OH 44145<br><br>and<br><br>CHASE VANCE<br>839 Southwestern Run, Unit B-2<br>Youngstown, Ohio 44514<br><br>     Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Katherine Brisson, through counsel, respectfully files this Class and Collective Action Complaint against Defendants Shepherd Health and Living, LLC and Chase Vance.

## INTRODUCTION

1. This case challenges wage-and-hour practices of Defendant by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio overtime compensation statute, and Ohio's common law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

1

maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Class Members").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Katherine Brisson was a citizen of the United States and resident of Ohio.

8. Defendant Shepherd Health and Living, LLC ("Shepherd") is an Ohio for-profit corporation doing business at multiple locations throughout Ohio, including in Bluffton, Ohio, where Plaintiff was employed.

9. Defendant Chase Vance is the owner of Shepherd and the principal manager of the organization.

# FACTUAL ALLEGATIONS

## Defendant's Business and Employment of Plaintiff, the Potential Opt-Ins and Class Members

9. Shepherd provides housing and support services to individuals with disabilities throughout Ohio through the ownership and operation of group homes for individuals with developmental disabilities throughout Ohio.

10. Plaintiff Katherine Brisson worked for Shepherd as a Site Supervisor, from July 21, 2023 through February 2, 2024.

11. Ms. Brisson was one of at least 7 Site Supervisors working for Shepherd at any given time.

12. Plaintiff, the Potential Opt-Ins, and the Class Members consist of all Site Supervisors at Shepherd's locations working within the three years preceding the filing of this lawsuit.

13. The primary job duties of Ms. Brisson and her fellow Site Supervisors at Shepherd's locations were to assist with certain tasks at Defendant's group homes, including taking residents to appointments, passing medications, shopping for residents' groceries, preparing meals, cleaning the group home, and assisting with residents' activities of daily living.

14. The requisite job duties of Site Supervisors at Shepherd's locations, including Ms. Brissson, generally demanded a workweek which greatly exceeded 40 hours.

15. Defendant Shepherd was an "employer" of Plaintiff, the Potential Opt-Ins, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Rev. Code Ann. § 4111.03(D)(2).

16. Defendant Shepherd was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Class Members.

17. Defendant Vance was an "employer" pursuant to 29 U.S.C. § 203(d) in that she was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Shepherd, "in relation to employees," including Plaintiffs, the Opt-Ins, and the Class Members. As the owner, operator, and principal manager of Shepherd, Defendant Vance had operational control over significant aspects of the company's operations and day-to-day functions, including compensation of employees. Defendant Vance instituted and knowingly ratified the unlawful pay practices of the company described herein.

**Defendants' Misclassification of Site Supervisors and Failure to Pay Overtime Premiums**

18. Defendants misclassified all Site Supervisors, including Katherine Brisson and other similarly situated employees, as overtime exempt, meaning that Site Supervisors were not paid any overtime premium pay regardless of the number of hours worked.

19. The job duties and/or positional requirements of a Site Supervisor at Shepherd's locations do not permit application of any overtime exemption under the FLSA.

20. Plaintiff, the Potential Opt-Ins, and the Class Members were not professionally exempt.

21. Plaintiff, the Potential Opt-Ins, and the Class Members were not administratively exempt.

22. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt computer employees.

23. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt outside salespeople.

24. Upon information and belief, Defendants considered Plaintiff an exempt executive.

25. However, an employee may not be classified as exempt from overtime compensation under the FLSA's executive exemption unless the employee customarily and regularly directs work or tasks to the equivalent of two other full-time employees. *See* 29 C.F.R. § 541.104(a). The U.S. Department of Labor ("DOL") has adopted an 80-hour rule that requires an exempt executive employee to direct a total of 80 employee-hours of work every workweek.

26. Ms. Brisson did not customarily and regularly direct work or tasks to the equivalent of two other full-time employees.

27. Indeed, many or all of Defendants' Site Supervisors did not customarily and regularly direct work or tasks to the equivalent of two other full-time employees.

28. Hence, Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt executives.

29. As a result, the FLSA and Ohio law required Defendant to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members overtime compensation of at least one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117.

30. At Ohio Rev. Code § 4111.03, Ohio law expressly incorporates the overtime pay requirements of 29 U.S.C. § 207.

**<u>Willfulness of Defendants' Violations</u>**

31. Defendants knew, or recklessly disregarded, that their Site Supervisors were entitled to overtime compensation under federal and state laws.

32. For instance, Defendants knew that they were not staffing their facilities with sufficient employees for Site Supervisors to customarily and regularly direct work or tasks to the equivalent of two other full-time employees (80 employee-hours). Defendants further knew that their Site Supervisors did not perform other job duties that would make them as exempt from overtime.

## **COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

36. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of: All current and former Site Supervisors who worked for Shepherd's locations at any point in the three years preceding the filing of this lawsuit and were classified as exempt from overtime.

37. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subjected to the identical unlawful wage-and-hours practices, all were injured by those practices, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

38. Issuance of Notice to Potential Opt-Ins of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-

authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

39. Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of 30 or more persons. Such persons are readily identifiable through the records Defendants has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a proposed Ohio Class, defined as: All current and former Site Supervisors who worked for Shepherd's locations at any point in the four years preceding the filing of this lawsuit and were classified as exempt from overtime.

42. The Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of hundreds of persons. The number of Class Members as well as their identities are ascertainable from records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

43. There are questions of law or fact common to the Class, including but not limited to:

    a. Whether Defendants required Plaintiff and other Class Members to work over 40 hours in a workweek;

    b. Whether Defendants knew, or recklessly disregarded, that Site Supervisors could not be legally classified as overtime executives; and

    c. Whether Defendant accepted the benefit of Plaintiff and Class Members' unpaid work under circumstances where retaining that benefit without compensation would be inequitable.

44. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

45. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

46. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class Members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (FLSA Overtime Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

50. The FLSA required Defendants to pay their Site Supervisors overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

51. Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

52. In doing so, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of Defendants' violations of the FLSA's overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

# COUNT TWO
## (Unjust Enrichment)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. The employment of Plaintiff and the Class Members by Defendant Shepherd was not created through written contract.

56. Plaintiff and the Class Members conferred a benefit on Defendant Shepherd by working many hours for which they received no compensation.

57. Defendant Shepherd knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation. Defendant Shepherd intentionally designed its compensation structure so as to obtain that benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant Notice to Potential Opt-Ins of this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

D. Enter judgment against Defendants and in favor of Plaintiff and the Class;

E. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

F. Award compensatory damages to Plaintiff and the Class the amount of their unpaid wages; and

G. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)
4106 Bridge Ave.
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com
tittle@tittlelawfirm.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)